Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001151
08-JUN-2015
08:24 AM

NO. CAAP-13-0001151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VAN LY HO, Plaintiff-Appellant, v.
ABM PARKING SERVICES, INC., Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC12-1-6698)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Van Ly Ho (Ho) appeals *pro se* from
the District Court of the First Circuit, Honolulu Division's
(District Court)[1] January 22, 2013 Judgment. This case arises
out of a dispute between Ho, a taxi driver who worked at Honolulu
International Airport (HIA), and ABM Parking Services, Inc.
(ABM), which administers the taxi stands at HIA.

On appeal, Ho argues[2] that the District Court erred
when it (1) did not admit Ho's exhibits into evidence; (2) failed

_____

[1]     The Honorable Paul B.K. Wong presided.

[2]     Ho's *pro se* opening brief does not comply with Hawai'i Rules of
Appellate Procedure (HRAP) Rule 28(b), which specifies the format and
requirements of an opening brief. Ho's noncompliance with HRAP Rule 28(b)
includes, among other things, the failure to include record citations for each
statement of fact and citations for where the errors complained of were
objected to. In addition, contrary to HRAP Rule 28(b)(10), Ho attaches
"Exhibits" 3-7 to his Opening Brief. As these exhibits do not appear to be
part of the record on appeal, they will not be considered. Notwithstanding
such violations, the Hawai'i Supreme Court favors a policy of affording pro se
litigants "'the opportunity to have their cases heard on the merits, where
possible[.]'" Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979
P.2d 1107, 1111-12 (1999) (citation omitted).

Accordingly, pursuant to Ferguson, we address the merits of the
issues raised by Ho where possible.

to recognize ABM's fraudulent concealment of evidence; and (3) admitted ABM's irrelevant and/or false evidence. Ho also argues that ABM violated Ho's right to due process.

After a careful review of the points raised, the arguments made by the parties, the applicable authority, and the record, we resolve Ho's points on appeal as follows and affirm.

1-3. Ho has failed to provide this court with the transcripts of proceedings below leaving this court with no basis upon which it can review the actions of the District Court. Rule 11(a), HRAP makes it the responsibility of the appellant to ensure that the record on appeal is complete. HRAP Rule 11(a) (The appellant "shall take any other action necessary to enable the clerk of the court to assemble and transmit the record. It is also the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted[.]"). See also, Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). Appellant thus failed to meet his burden of demonstrating error by reference to matters in the record. See State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000)). "[W]e will not presume error from a silent record." Id. at 336, 3 P.3d at 502. Ho's first three points of error concern evidence presented to, excluded by, or concealed from, the trial court at trial. Therefore, we conclude that Ho has failed to support his first three points of error with presentation of an adequate record on appeal.

4. Ho argues that ABM violated his constitutionally protected due process rights[3] when it suspended his license to

---

[3] Section 1 of the fourteenth amendment of the United States Constitution provides,

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

(continued...)

operate at HIA.   It is well-settled that, "To state a claim under the fourteenth amendment, a litigant must assert that some <u>state action</u> has deprived the litigant of a constitutionally protected 'liberty' or 'property' interest.  <u>Doe v. Doe</u>, 116 Hawai'i 323, 333, 172 P.3d 1067, 1077 (2007) (emphasis added and citation omitted).  Ho fails to demonstrate that his due process rights were violated.

Based on the foregoing, we affirm the January 22, 2013 Judgment entered by the District Court of the First Circuit, Honolulu Division.

DATED:  Honolulu, Hawai'i, June 8, 2015.

On the briefs:

Van Ly Ho,
Plaintiff-Appellant, *pro se.*

Howard Glickstein,
for Defendant-Appellee.

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

---

[3] (...continued)
      Article 1 sec. 5 of the Hawai'i State Constitution also provides:

> No person shall be deprived of life, liberty or property without the due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry.